KENDRA S. CANAPE (SBN: 259641)
kcanape@grsm.com
GORDON & REES, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614
Telephone: (949) 255-6950
Facsimile: (949) 474-2060

Attorneys for Defendants
AYA HEALTHCARE, INC., and
AYA HEALTHCARE SERVICES, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIANA RECINO, on behalf of herself and all others similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>AYA HEALTHCARE, INC., a, California Corporation; AYA HEALTHCARE SERVICES, INC., a California Corporation; and DOES 1 through 50, Inclusive,<br><br>Defendants. | CASE NO. '23CV0750 MMA MSB<br><br>**NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332(d), 1441 and 1446 (CLASS ACTION FAIRNESS ACT)** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446, Defendants Aya Healthcare, Inc. and Aya Healthcare Services, Inc. (collectively, "Aya") by and through its counsel of Gordon & Rees, LLP, hereby files its Notice of Removal of the action styled *Juliana Recino, on behalf of herself and all others similarly situated, v. Aya Healthcare, Inc., Aya Healthcare Services,*

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

*Inc., and Does 1 through 50, inclusive,* Case Number 37-2023-00011786-CU-FR-CTL, from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California on the ground that this Court has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1441(a)-(b), and 1453. In support of removal, Aya states as follows:

## THE STATE COURT ACTION

1. On March 21, 2023, a putative class action was commenced in the Superior Court of California for the County of San Diego, entitled *Juliana Recino, on behalf of herself and all others similarly situated, v. Aya Healthcare, Inc., Aya Healthcare Services, Inc., and Does 1 through 50, inclusive,* bearing Case Number 37-2023-00011786-CU-FR-CTL.  A copy of the Class Action Complaint ("Compl.") is attached as "Exhibit A-1."[1]

2. Plaintiff's Complaint broadly claims that Aya is engaged in deceptive advertising, insofar as Aya is alleged to falsely market itself as a travel nursing and health staffing company, and is further alleged to falsely market its recruiting services. Compl., ¶¶ 1-2 (defining these allegations as "Challenged Services"). More specifically, Plaintiff alleges that Aya cannot staff any particular job or place a travel nurse in an advertised position because it has not actually been authorized by the employing hospital to post the position. *Id.* ¶ 13.

3. Plaintiff alleges that she submitted an application for a travel nurse position, and Aya's recruiters informed her that the salary was incorrectly advertised. *Id.* ¶ 15. Plaintiff avers that Aya's "failure to know the correct salary of a job opening further shows that Defendant Aya is not a true staffing agency; [sic] A genuine staffing agency should know and reasonably be expected to know the

---

[1] Pursuant to 28 U.S.C. § 1446(a), copies of all summons, process, pleadings, and orders that have been filed in the State Court Action are attached as "Group Exhibit A."

geographical location and salary associated with its jobs postings. (add into passage about recruiting agency) [sic]" *Id.*

4. Drawing from her alleged experience in seeking placement, Plaintiff claims that Aya's representation that it is the "largest travel nursing agency" is false, and she further claims that the number of purported placement opportunities it has available for its candidates is untrue. *Id.* ¶ 2.

5. Upon this base of alleged "facts," Plaintiff avers that "Aya has advertised and marketed, the Challenged Service to consumers and profited from the Challenged Services throughout California and the United States based on the misrepresentations that the Challenged Service's purported benefits [sic]." *Id.* ¶ 4.

6. Plaintiff's proposed class includes not only all persons in California who used Aya's services, but also all purchasers of the "Challenged Service" in California. *Id.* ¶¶ 26; 49.

7. The claims asserted by Plaintiff and the putative class sound in common law fraud, intentional misrepresentation, negligent misrepresentation, violations of the California Unfair Competition Law, and violations of the Consumers Legal Remedies Act. *Id.* ¶¶ 29-65 (Counts I-V).

8. Plaintiff, on behalf of herself and the class, seeks recovery of compensatory, statutory, and punitive damages. *Id. at* Prayer for Relief, ¶ C.

9. Plaintiff also prays the she and proposed class members are awarded the costs of this action, including reasonable attorneys' fees and expenses. *Id.* ¶ D.

10. Significantly, Plaintiff and the class seek entry of an order enjoining Aya from continuing to engage in the allegedly unlawful conduct and practices described in her Class Action Complaint, declaratory relief, and disgorgement of any supposed ill-gotten gains. *Id.* ¶¶ D-E; H-I.

11. Aya denies all liability and damages, and in doing so, it also expressly preserves its right to seek arbitration of Plaintiff's claim.

## GROUNDS FOR REMOVAL

12. The Class Action Fairness Act ("CAFA") creates federal subject matter jurisdiction if three requirements are met: (1) the proposed class has 100 or more members; (2) at least one class member is diverse from at least one defendant ("minimal diversity"); and (3) more than $5 million exclusive of interests and costs is in controversy in the aggregate. *See* 28 U.S.C. § 1332(d).

13. Where the elements of federal jurisdiction are established, federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given to it under CAFA. *Colorado River Water Conservation Dist. v. U. S.*, 424 U.S. 800, 817 (1976) (it is a "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them"); *see also Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996) (federal courts "have a strict duty to exercise the jurisdiction that is conferred upon them by Congress").

14. Here, CAFA's jurisdictional requirements are satisfied by the allegations contained in Plaintiff's Class Action Complaint, Aya's investigation, and the attached declaration: (1) Aya's removal is timely, (2) the proposed class has over 100,000 members; (3) at least one class member is diverse from Aya, satisfying minimal diversity; and (4) the amount in controversy exceeds the $5,000,000 threshold.

## REMOVAL IS TIMELY

15. Section 1446 provides, in pertinent part, that: "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…" 28 U.S.C. § 1446(b)(1).

16. Plaintiff's Class Action Complaint was served upon Aya Healthcare, Inc. and served upon Aya Healthcare Services, Inc. on March 24, 2023. Because Aya's Notice of Removal was filed on April 24, 2023, its removal petition is timely.

*See Wells v. Gateways Hosp. & Mental Health Ctr.*, 76 F.3d 390 (9th Cir. 1996) (holding that where the removal deadline falls on a Sunday, the time period to remove the case is extended to Monday pursuant to Fed. R. Civ. P. 6(a)); *In re Diet Drugs Prods. Liab. Litig.*, 1999 WL 554584, at *1 (E.D. Pa. 1999) ("Federal Rule of Civil Procedure 6(a) governs the computation of the time period set forth in 28 U.S.C. 1446" and the defendant could timely remove on the thirty-second day after service of the complaint, where the thirtieth day fell on a Saturday); *Medina v. Wal-Mart Stores, Inc.*, 945 F. Supp. 519, 520 (W.D.N.Y. 1996) (thirtieth day after service fell on a Saturday, so the last day defendant could file a notice of removal became the following Monday).

## THE CLASS IS FAR IN EXCESS OF 100 CLASS MEMBERS

17. Plaintiff's proposed class runs from August 31, 2018 through present, and she alleges that it consists of no less than 100,000 members. Compl., ¶¶ 26; 28(a).

18. As such, Plaintiff's proposed class easily satisfies the minimum requirements under CAFA.

## AT LEAST ONE PLAINTIFF IS A CITIZEN OF A DIFFERENT STATE

19. Removal under CAFA requires minimal diversity – i.e., one of the defendants must be diverse from any one of the class members, whether named or unnamed. 28 U.S.C. § 1332(d)(2)(A) (diversity is satisfied if "any member of a class of plaintiffs is a citizen of a State different from any defendant"); 28 U.S.C. § 1332(d)(1)(D) (for purposes of CAFA, "the term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action"); *Abrego Abrego v. The Dow Chem. Co.,* 443 F.3d 676, 680 (9th Cir. 2006) ("Section 1332(d) thus abandons the complete diversity rule for covered class actions.").

20. Aya Healthcare, Inc. is a corporation organized under the laws of Delaware with its principal place of business in California.

21.   Aya Healthcare Services, Inc. is a corporation organized under the laws of Delaware with its principal place of business in California.

22.   Plaintiff Juliana Recino is a citizen of California.

23.   Plaintiff brings this action individually and on behalf of all persons statewide in California who used Aya's services from August 31, 2018, through the present. Compl., ¶¶ 6; 26.

24.   Plaintiff further brings claims on behalf of all purchasers of the Challenged Services through the same period. *Id.*

25.   Aya has at least one client (and, per Plaintiff's Complaint, there is a class member/purchaser of Challenged Services) that is diverse from Defendants.[2] "Client X" is incorporated under the laws of the State of Colorado, and it has its principal place of business in Chicago, Illinois. *See* par. 8-9 of the Affidavit of Amber Zeeb, attached as "Exhibit B." Because "Client X" is a citizen of the States of Colorado and Illinois, CAFA's minimal diversity requirement is satisfied.

## THE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION

26.   To meet CAFA's amount-in-controversy requirement, a defendant needs to plausibly show that it is reasonably possible that the potential liability exceeds $5 million. *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020). The Ninth Circuit Court of Appeals has noted that the amount in controversy is the simply the "amount *at stake* in the underlying litigation." *Id.* (internal citations omitted; emphasis in the original).

27.   "Amount at stake" does not mean likely or probable liability; rather, it refers to possible liability. *Id.* Accordingly, establishing the threshold amount in controversy simply requires an estimate of the total amount in dispute, and estimating it does not require the exactitude of nuclear science. *Harris v. KM Indus., Inc.*, 980 F.3d 694, 707 (9th Cir. 2020) (internal citations omitted).

---

[2] Doe Defendants are to be disregarded when determining whether diversity exists. *See, e.g. Rojas by & through Rojas v. Sea World Parks & Ent., Inc.*, 538 F. Supp. 3d 1008, 1022-23 (S.D. Cal. 2021).

28. When determining the threshold amount in controversy under CAFA, courts consider actual damages, statutory and statutorily-available exemplary damages, and statutory attorney fees. *See Pickman v. Am. Exp. Co.*, 2012 WL 258842, at *2 (N.D. Cal. Jan. 27, 2012) (finding, in a CLRA claim, that it was reasonable to multiple the minimum amount of damages available under the Act ($1,000) by the number of alleged violations (there, 5001)); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (holding that mandatory or discretionary attorney fees may be included in the amount in controversy); *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (noting that statutorily-authorized treble damages could be taken into account when determining the amount in controversy).

29. Prior to filing suit (and, presumably, based upon her assessment of actual damages, statutory and exemplary damages, and statutory attorney fees), Plaintiff demanded $105,000.00 to settle this action. It is well-settled that a settlement demand is sufficient to satisfy the jurisdictional threshold for removal. *See Bohn v. Petsmart, Inc.*, 281 F. 3d 837, 840 (9th Cir. 2002) (finding a settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117, (9th Cir. 2004); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

30. If one simply multiplied Plaintiff's individual demand by the size of the putative class, Aya has satisfied the threshold amount in controversy by a multiple of 20.

31. Nevertheless, and with the hopes of foreclosing any doubt that might surround the issue, district courts may also take into account the expense of a plaintiff's prayed-for declaratory or injunctive relief. *See Excel Pharmacy Servs., LLC v. Liberty Mut. Ins. Co.*, 825 F. App'x 65, 68 (3d Cir. 2020) (holding that amount in controversy met in action seeking declaratory and injunctive relief where

defendant's cost of compliance with injunction in the class's favor would exceed $5 million)); *McCauley v. Ford Motor Co.,* 264 F.3d 952, 958 (9th Cir. 2001) (holding that, in actions seeking declaratory or injunctive relief, the value of the object of suit may be examined from either the plaintiff's or the defendant's point of view)).

32. Here, disregarding Aya's many clients (or, in Plaintiff's terms, the "purchasers of the Challenged Service in California"), if one just considered Aya's Services Agreement with Client X, the prayed-for injunctive relief – the dissolution of that relationship – would exceed $5,000,000. *See* Ex. B, ¶ 9.

33. Finally, punitive damages may be considered in determining whether the removing defendant has satisfied the threshold amount in controversy. *See. Greene*, 965 F.3d at 772 (recognizing, in a suit asserting CLRA violations, that juries had awarded punitive damages at ratios higher than 1:1 for the plaintiff's claims).

34. Again, Plaintiff calculated the settlement value of her case at $105,000. Stripping it down to estimated actual damages and multiplying it by the size of the putative class easily satisfies the threshold amount in controversy.

35. In light of all of the above, CAFA's $5,000,000 dollar requirement has been met.

### THE PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED

36. This Court embraces the locality in which the State Court Action is now pending, making this Court a proper forum pursuant to 28 U.S.C. § 1441(a).

37. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff, and a copy is being filed with the Superior Court of the State of California for the County of San Diego.

38. If any question arises regarding the propriety of the removal of this action, Aya respectfully requests the opportunity to present a brief and/or oral argument in support of its position that this case is removable. *See Arias v.*

1  *Residence Inn by Marriott*, 936 F.3d 920 (9th Cir. 2019) (finding the district court improperly deprived defendant of fair opportunity to submit proof that it satisfied CAFA's amount in controversy requirement).

39. In accordance with 28 U.S.C. § 1446(a), copies of all summons, process, pleadings, and orders that have been filed in the State Court Action are attached as "Group Exhibit A."

40. No waiver and no admission of fact, law, or liability, including without limitation the amount of damages, if any, is intended by this notice of removal. Aya expressly reserves it right to seek arbitration of Plaintiff's claim pursuant to her entry into a contract with Aya providing for same. Aya also expressly reserves all defenses, affirmative defenses, and other rights.

WHEREFORE, Defendants Aya Healthcare, Inc. and Aya Healthcare Services, Inc. hereby remove the action now pending against it in the Superior Court of the State of California for the County of San Diego, and request that this Court assume and retain full jurisdiction over this action for all further proceedings. Defendants request a trial by jury.

Dated: April 24, 2023                              GORDON & REES, LLP

By: */s/ Kendra S. Canape*
    Kendra S. Canape
    Attorneys for Defendants
    AYA HEALTHCARE, INC.,
    and AYA HEALTHCARE
    SERVICES, INC.

**CERTIFICATE OF SERVICE**

The undersigned declares under penalty of perjury under the laws of the State of California that on this day a true and correct copy of the foregoing document was served on the following by U.S. Mail and email:

Shalini Dogra, Esq.
DOGRA LAW GROUP PC
2219 Main Street
Unit 239
Santa Monica, California 90405
shalini@dogralawgroup.com

Dated:  April 24, 2023

/s/ Viann M. Corbin

Viann M. Corbin