**EXHIBIT A-1**

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**03/21/2023** at 10:52:59 AM

Clerk of the Superior Court
By Alina Garcia,Deputy Clerk

1
2
3
4

Shalini Dogra, State Bar No. 309024
DOGRA LAW GROUP PC
2219 Main Street, Unit 239
Santa Monica, CA 90405
Tel: (747) 234-6673
Fax: (310) 868-0170
*Attorneys for Named Plaintiff JULIANA RECINO and Proposed Class*

5
6

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SAN DIEGO

7

Case No: 37-2023-00011786-CU-FR-CTL

8
9
10

JULIANA RECINO, on behalf of
herself and all others similarly
situated;

11

Plaintiff,

12

v.

13
14
15
16
17

AYA HEALTHCARE, INC., a,
California Corporation; AYA
HEALTHCARE SERVICES, INC., a
California Corporation; and DOES 1
through 50, Inclusive,

Defendants.

**PLAINTIFF'S CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

18
19
20
21
22
23
24

Plaintiff JULIANA RECINO, by and through her attorneys, brings this action on behalf of herself and all other similarly situated against Aya Healthcare, Inc. and Aya Healthcare Services, Inc. (collectively hereinafter "Defendant Aya") and Does 1 through 50, inclusive. Plaintiff hereby alleges, on information and belief, except as those allegations which pertain to the named Plaintiff, which allegations are based on personal knowledge, as follows:

## NATURE OF THE ACTION

25
26
27

1.    This is a consumer class action that arises out of Defendant Aya's deceptive advertising and marketing of its identity and recruiting services (the "Challenged Service").

28

1

2.      Through its uniform marketing, labeling and advertising claims, Defendant Aya falsely advertises itself as a travel nursing agency and healthcare staffing company. However, in reality, Defendant Aya fails to perform as a nursing agency or provide healthcare staffing services. Defendant Aya further perpetuates its deceptive misrepresentations by marketing itself as the "largest travel nursing agency," including untruthful advertisements that specify the precise number of purported vacancies of Defendant Aya has available.

3.      Consequently, the Challenged Service constitutes violations of California Law and various State consumer protection regulations.

4.      At all relevant times,  Defendant Aya advertised and marketed, the Challenged Service to consumers and profited from the Challenged Service throughout California and the United States based on the misrepresentations that the Challenged Service's purported benefits.

5.      Based on the fact that Defendant Aya's advertising misled Plaintiff and all others like her, Plaintiff brings this class action against Defendant Aya to seek reimbursement of the monetary damages she and the Class Members incurred due to Defendant Aya's false and deceptive representations about the benefits and value of the Challenged Service.

6.      Plaintiff seeks relief in this action individually and on behalf of all persons statewide in California who used Defendant Aya's services for common law fraud, intentional misrepresentation, and negligent misrepresentation. Additionally, Plaintiff seeks relief in this action individually and on behalf of all purchasers of the Challenged Service in California for violation of the California Bus. & Prof. Code §§17200, *et seq.*, as well as California's Unfair Competition Law ("UCL").

## JURISDICTION AND VENUE

7.      Plaintiff brings this action pursuant to Cal. Civil Proc. Code § 382 and Cal. Civ. Code § 1781.

8.   This Court has subject matter jurisdiction pursuant to the California Constitution, Article XI, § 10 and California Code of Civil Procedure § 410.10, because Defendant Aya transacted business and committed the acts alleged in California. The Named Plaintiff and Class Members are citizens and residents of the State of California.

9.   Venue is proper in this County pursuant to California Civil Code § 1780(c) because Defendant Aya is headquartered in San Diego, California, at 5930 Cornerstone Court West, Suite 300, San Diego, CA 92121. Additionally, Defendant Aya  conducts significant business here, engages in substantial transactions in this County, and because many of the transactions and material acts complained of herein occurred in this County-including specifically, the transactions between Plaintiff and Defendant Aya, and many of the transactions between  Defendant Aya and the putative class. Venue is proper in this Court because Defendant Aya receives substantial compensation from sales in San Diego County, and Defendant Aya made numerous misrepresentations which had a substantial effect in San Diego County.

## **PARTIES**

10.   Plaintiff Juliana Recino is a resident of California.

11.   Defendant Aya is a California corporation with headquarters located at 5930 Cornerstone Court West, Ste. 300, San Diego, CA 92121. Defendant Aya, creates, oversees, controls, mass markets, and distributes the Challenged Service throughout California and the United States.

12.   Plaintiff is informed and believes, and based thereon alleges, that at all times relevant hereto each of these individuals and/or entities was the agent, servant, employee, subsidiary, affiliate, partner, assignee, successor-in-interest, alter ego, or other representative of each of the remaining Defendants and was acting in such capacity in doing the things herein complained of and alleged. The true names and capacities of Defendants sued herein under California Code of Civil Procedure § 474 and Does 1 through 50, inclusive, are presently unknown to Plaintiff, who therefore

sues these Defendants by fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained. Each of the Doe Defendants is responsible in some manner for the conduct alleged herein.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

13.   Defendant Aya's deceptive strategies regarding the verity of its identity exist at various stages of its marketing scheme. In addition to expressly advertising false claims about the number of available jobs to which has access, Defendant Aya also misleads consumers about being the largest travel nursing agency and mispresents the breath of its available jobs by regularly advertising nursing jobs without authorization. Hence, when an individual sees a job listed on Defendant Aya's website , Defendant Aya cannot truly staff that job or place a travel nurse in the advertised position because Defendant Aya has not actually been authorized by the employing hospital to post the position. That is, Defendant Aya is not genuinely staffing any job, nor acting as a true nurse agency. To cover up this deceptive tactic, Defendant Aya recruiters will tell individual consumers statements such as "if you see a job posting on our website, and we don't have a contract for it, we'll make it happen," thereby admitting that Defendant Aya posts job contracts without authorization.

14.   The California legislature has expressly enacted correlative regulations that prohibit such conduct in the context of food delivery applications. (*See* the "Fair Food Delivery Act," which bans food delivery applications from acting as an intermediary or posting restaurants' menus without prior authorization.) Accordingly, even though the Fair Food Delivery Act pertains to a different industry, it provides critical guidance here and demonstrates that State legislature recognizes that Plaintiff and Class Members have suffered a legal injury here due to Defendant Aya's misconduct of advertising medical facilities' vacancies without  the hospitals' authorization.

CLASS ACTION COMPLAINT

15.     Even when Defendant Aya manages to post a job it is authorized to list on its website, Defendant Aya often lies about the employment opening's salary. As evidenced by Plaintiff's interactions with recruiters of Defendant Aya, Defendant Aya deliberately advertises job salaries in a false manner. In at least once instance, after Plaintiff submitted her application, Defendant. Aya's recruiters informed her that the salary had been incorrectly advertised. Yet, even after telling Plaintiff about the updated salary, Defendant Aya failed to correct the mistake on its advertisements and websites. Also, Defendant Aya's failure to know the correct salary of a job opening further shows that Defendant Aya is not a true staffing agency; A genuine staffing agency should know and reasonably be expected to know the geographical location and salary associated with its jobs postings. (add into passage about recruiting agency)

16.     Moreover, Defendant Aya's interview requirements further demonstrate that the entity is not a staffing agency. Defendant Aya's so-called interview process consists of a self-reporting questionnaire and three questions being communicated through a robocall. That is, a prospective employee consumer receives a robocall that automatically asks three questions, none of which have anything to do with the job position. Usually, before the individual can finish saying his/her answer, Defendant Aya's robocall system cuts the person off from completing a response. Overall, it is clear that the robocall questions are arbitrary and have no impact on the so-called hiring process. Instead, Defendant Aya is administering them the trick consumers into thinking that Defendant Aya is a true staffing company that works with hospitals to place traveling nurses in job positions.

17.     The timing of when Defendant Aya chooses to disclose the truth about salary affirms that Defendant Aya engages in bait-and-switch tactics. Defendant Aya will purposely misrepresent the salaries of available jobs to be higher than they truly are, as a way to lure consumers into applying for the position. Only after someone has shown interest in the job, submitted his/her application, and undergone the interview process will Defendant Aya disclose the truth about the job opening's wages being

lower. For example, if a hospital is seeking a nurse and willing to $3,000.00 per week for the candidate, Defendant Aya will knowingly advertise the job for $3300.00, and only tell prospective candidates about the salary actually being $3,000.00 weekly *after* the candidates have completed the application process. Thus, Defendant Aya requires the consumer to commit to a lengthy process of providing confidential information before doing the bait and switch. Notably, the Federal Trade Commission (FTC) has found marketing schemes with such compounded tactics, which entail obligating a person to provide sensitive data as pre-requisite before the seller's bait-and-switch, to be deceptive and actionable misconduct. See *https://www.ftc.gov/news-events/news/press-    releases/2022/03/ftc-sues-intuit-its-deceptive-turbotax-free-filing-campaign.* (last visited Mar. 21, 2023).

18.   When a reasonable consumer sees a business and or service identified as a "recruiting agency," s/he reasonably  expect that the business will perform the functions of a recruiting agency, including: have authority to advertise the jobs it is telling consumers about, and know accurate details about the employment vacancy's salary and location. Additionally, when a reasonable consumer sees a business advertised as a recruiting agency, s/he will conclude that the application process the business implements is a genuine step of the job opening's application process. As detailed above and asserted herein, Defendant Aya failed to fulfill any of the functions it misled reasonable consumers into believing Defendant Aya provided.

19.   Hence, Defendant Aya's marketing scheme for the Challenged Service is likely to deceive members of the public. *Bank  of the W. v. Superior Ct*., 2 Cal. 4th 1254, 1267 (1992)(citation omitted); see also *Williams v. Gerber Prods. Co*., 552 F.3d 934, 938 (9th Cir. 2008). Likewise, Defendant Aya's advertising of the Challenged Service will mislead  and confuse members of the public, and also has the capacity and likelihood and tendency to deceive and confuse consumers, based on perspective of an "ordinary consumer acting reasonably under the circumstances." *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 951 (2002)(internal quotation marks omitted); see also *Williams*,

552 F. 3d at 938; see also *Colgan v. Leatherman Tool Grp., Inc*., 135 Cal. App. 4th 663, 682 (2006) (internal quotation marks omitted); see also *Moore v. Mars Petcare US,* 966 F.3d 1007 1017-18 (9th Cir. 2002).

20.    Defendant Aya's false advertising of the Challenged Service constitutes at least seven different types of violations under the CLRA. Defendant Aya's actions and deceptive marketing of the Challenged Service violate sections 1770 (a)(1), 1770(a)(2), 1770(a)(3), 1770(a)(4),(a)(5), (a)(7), (a)(9) and (a)(16) of the CLRA. As a direct and proximate result of Defendant Aya's noncompliance with the CLRA, members of the Class retained services and gave Defendant Aya personal data that they otherwise would not have. Hence, Plaintiff and class members are entitled to restitution of monies in an amount to be determined at trial, as well as injunctive relief.

21.    Plaintiff is a consumer as defined under the CLRA.

22.    The CLRA applies to situation in which the defendant "intended for a transaction to result." Here, had Plaintiff completed her transaction with Defendant Aya and accepted one of the hospital nursing positions with which Defendant Aya had assisted, Defendant Aya would have reaped profit in multiple ways; the recruiter that had been assigned to work with Plaintiff would have earned a commission. Also, Defendant Aya would have received payment from the healthcare facility where it placed Plaintiff. Overall, given Defendant Aya's profit structure, the defendant corporation and its recruiters unquestionably had incentives to deceive consumers like Plaintiff, to lie to her about salaries, and trick her into taking one of its advertised jobs. Regardless of how little Plaintiff earned, as long as she accepted a job, Defendant Aya would profit. Consequently, Defendant Aya purposely designed its marketing campaigns and procedures specifically to mislead consumers and trick nursing candidates into relying on Defendant Aya as the intermediary and accepting jobs through Defendant Aya.

23.    Even though Plaintiff did not pay any sum of money upfront to Defendant Aya, she was exposed to various harms and suffered economic injuries as a result of

Defendant Aya's misrepresentations. By advertising jobs that it was not authorized to market and for which it did not have contracts, Defendant Aya tricked Plaintiff into sharing her confidential data and sensitive personal information, and compromised her privacy. As affirmed by relevant Ninth Court decisions, courts have found that such compromises to privacy constitute sufficient injury and satisfy the elements of standing. *Krottner v. Starbucks Corp.*, 628 F.3d 1139 (9th Cir. 2010). Also, by lying to Plaintiff about having contracts for jobs that it actually did not authority to post or fill, Defendant Aya caused Plaintiff to lose potential employment because it impeded Plaintiff from applying with the agencies that actually had the contracts and could have genuinely helped Plaintiff apply for the position.

24.    Plaintiff reasonably relied on Defendant Aya's advertising of the Challenged Service. Plaintiff relied on Defendant Aya's advertising and advertising scheme for the Challenged Service, without knowledge of the fact that Defendant Aya was lying about the Challenged Services' identity and purported benefits. Defendant Aya knows or has reason to know that consumers like Plaintiff would find the challenged attributes important in their decision to retain the Challenged Service. Likewise, Defendant Aya knew or should have known that the false advertising scheme it perpetuated for the Challenged Service entails misrepresentations about facts, traits and characteristics that are material to a reasonable consumer. Plaintiff would not have relied upon or retained the Challenged Service from Defendant Aya if she had known that the advertising as described herein was false, misleading and deceptive. All members of the putative class were exposed to Defendant Aya's deceptive marketing of the Challenged Service. Defendant Aya's false and misleading statements and omissions tricked Plaintiff and the putative Class and subjected them all the numerous legal and monetary injuries. If Defendant Aya advertised and marketed the Challenged Service accurately, Plaintiff would consider using it in the future.

25.   The malicious actions taken by Defendant Aya caused significant harm to consumers. Plaintiff and similarly situated class members retained the Challenged Service because they reasonably believed, based on Defendant Aya's misrepresentations about the Challenged Service, that Defendant Aya genuinely provided recruiting services and functioned as a recruiting agency.  Had Plaintiff and other class members known that the Challenged Service actually failed to provide its advertised benefits, they would not have retained Defendant Aya's services. As a result, Plaintiff and similar situated class members have been deceived and suffered economic injury. Plaintiff was economically harmed by Defendant Aya's deceptive marketing and misleading advertising about the Challenged Service's quality and value.

## CLASS ACTION ALLEGATIONS

26.   Plaintiff brings this class action on behalf of herself individually and all others similarly situated, pursuant to California Code of Civil Procedure § 382, Cal. Civ. Code § 1781 and the Cal. Bus. & Prof. Code § 17203. The proposed class consists of all consumers who obtained the Challenged Service in California for personal use and not for resale during the time period of August 31, 2018, through the present. Excluded from the class are Defendant Aya, its affiliates, employees, officers and directors, any individual who received remuneration from Defendant Aya in connection with that individual's use or endorsement of the Challenged Service, the Judge(s) assigned to this case, and the attorneys of record in this case. Plaintiff reserves the right to amend the Class definition if discovery and further investigation reveal that the Class should be expanded or otherwise modified.

27.   Class certification is proper because Defendant Aya acted (or refused to act) on grounds generally applicable to the Injunctive Relief Class thereby making appropriate injunctive relief for the entire Injunctive Relief Class.  Plaintiff reserves the right to modify the definition of the Injunctive Relief Class after further discovery,

and further reserve the right to only seek class certification for injunctive relief and not to seek class certification for monetary damages.

      28.   This action is properly brought as a class action for the following reasons:

(a) The members in the proposed class, which contains no less than one thousand members and based on good information and belief is comprised of several thousands of individuals, are so numerous that individual joinder of all members is impracticable and disposition of the class members' claims in a single class action will provide substantial benefits to the parties and Court, and is in the best interests of the parties and judicial economy.;

(b) The disposition of Plaintiff's and proposed class members' claims in a class action will provide substantial benefits to the parties and the Court;

(c) Plaintiff's claims are typical of the claims of the members of the proposed class. Plaintiff and all class members have been injured by the same wrongful practices of Defendant Aya. Plaintiff's claims arise from the same practices and conduct that gives rise to the claims of all class members and are based on the same legal theories;

(d) Plaintiff will fairly and adequately protect the interests of the proposed class in that they have no interests antagonistic to those of the other proposed class members, and Plaintiff has retained attorneys experienced in consumer class actions and complex litigation as counsel;

(e) The proposed class is an ascertainable and there is a well-defined community of interest in the questions of law or fact alleged herein since the rights of each proposed class member were infringed or violated in the same fashion;

(f) Questions of law and fact common to the class predominate over any questions affecting only individual class members. There are questions of law and fact common to the proposed class which predominate over any questions that may affect particular class members. Such questions of law and fact common to Plaintiff and the class include, without limitation:

i.   Whether Class Members suffered an ascertainable loss as a result of Defendant Aya's misrepresentations;

ii.  Whether, as a result of Defendant Aya's misconduct alleged herein, Plaintiff and the Class Members are entitled to restitution, injunctive relief, and or/monetary relief, and if so, the amount and nature of such relief;

iii. Whether Defendant Aya made any statement it knew or should have known was false or misleading;

iv.  Whether the utility of Defendant Aya's practices, if any, outweighed the gravity of the harm to its victims;

v.   Whether Defendant Aya's conduct violated public policy, included as declared by specific constitutional, statutory or regulatory provisions;

vi.  Whether Defendant Aya's conduct violated the UCL;

vii. Whether Defendant Aya's conduct violated the CLRA;

(g) Plaintiff knows of no difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a class action. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims, respectively, is impracticable. Requiring each individual class member to file an individual lawsuit would unreasonably consume the amounts that may be recovered. Even if every Class Member could afford individual litigation, the adjudication of tens of thousands of claims would be unduly burdensome to the courts. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast the conduct of this action as a class action, with respect to some or all of the issues presented herein, presents

no management difficulties, conserves the resources of the parties and of the court system, and protects the rights of the Class Members. Plaintiff anticipates no difficulty in the management of this action as a class action. The prosecution of separate actions by individual Class Members may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class Members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

(h) Defendant Aya has or has access to, address information for the Class Members, which may be used for the purpose of providing notice of the pendency of this class action. Defendant Aya is an especially bolstered position to access Class Members' contact information because all affected individuals had to and must provide their names and contact information to Defendant Aya as part of its initial sign-up process.

(i) Plaintiff seeks damages and equitable relief on behalf of the proposed class on grounds generally applicable to the entire proposed class.

## FIRST CAUSE OF ACTION

### Common Law Fraud

29.    Plaintiff  and the Class  re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein. Plaintiff brings this class individually and on behalf of the members of her proposed Class.

30.    As discussed above, Defendant Aya provided Plaintiff and the Class Members with false or misleading material information and failed to disclose material facts about the Challenged Service, including but not limited to the fact that the Challenged Service failed to provide its advertised benefits and failed to fulfill its marketed identity. These misrepresentations and omissions were made with knowledge of their falsehood. The misrepresentation and omissions made by Defendant Aya, upon which Plaintiff and the Class Members reasonably and

justifiably relied, were intended to induce and actually induced Plaintiff and Class Members to retain the Challenged Service.

31.     The fraudulent actions of Defendant Aya caused damage to Plaintiff and Class Members, who are entitled to damages and other legal and equitable relief as a result.

## SECOND CAUSE OF ACTION

### Intentional Misrepresentation

32.     Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

33.     Defendant Aya represented to Plaintiff and other class members that important facts were true. More specifically, Defendant Aya represented to Plaintiff and the other class members through its advertising for the Challenged Service, that the Challenged Service provided benefits which it actually did not. Defendant Aya's representations were false. Defendant Aya knew that the misrepresentations were false when it made them, or Defendant Aya made the misrepresentations recklessly and without regard for their truth. Defendant Aya intended that Plaintiff and other class members rely on the representations.

34.     Plaintiff and the other class members reasonably relied on Defendant Aya's representations.

35.     Plaintiff and the other class members were financially harmed and suffered other damages. Defendant Aya's misrepresentations and/or nondisclosures were the immediate cause of Plaintiff and the other class members purchasing the Challenged Service. Plaintiff's and the other class members' reliance on Defendant Aya's representations was the immediate cause of the financial loss and legal injuries. In absence of the Defendant Aya's misrepresentations and/or nondisclosures, as described above, Plaintiff the other class members, in all reasonable probability, paid monies and provided confidential information to Defendant Aya that otherwise would not have provided.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THIRD CAUSE OF ACTION**

**Negligent Misrepresentation**

36.   Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein. Plaintiff brings this claim individually and on behalf of the proposed Class against Defendant Aya.

37.   As discussed above, Defendant Aya represented the Challenged Service provided a certain value and quantified benefit.  Yet, Defendant Aya failed to disclose that the Challenged Service did not in fact possess its advertised value or identity. Defendant Aya had a duty to disclose this information.

38.   At the time Defendant Aya made these misrepresentations, Defendant Aya knew or should have known that these misrepresentations were false or made them without knowledge of their truth or veracity. At an absolute minimum, Defendant Aya negligently misrepresented or negligently omitted material facts about the Challenged Service.

39.   The negligent misrepresentations and omissions made by Defendant Aya, upon which Plaintiff and Class Members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class Members to pay monies to Defendant Aya that they otherwise would not have paid, as well as retain services and provide confidential information that they otherwise would not have.

40.   The negligent actions of Defendant Aya caused damage to Plaintiff and Class Members, who are entitled to damages and other legal and equitable relief as a result.

**FOURTH CAUSE OF ACTION**

**Violation of Business & Professions Code § 17200, *et seq*.**

41.   Plaintiff and the Class re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

42.   California Business & Professions Code § 17200 *et seq.,* also known as the California Unfair Competition Law ("UCL"), prohibits acts of "unfair

competition," including any unlawful, unfair, fraudulent, or deceptive business act or practice as well as "unfair, deceptive, untrue or misleading advertising."

43. Defendant Aya's failure to disclose the truth about the Challenged Service's identity, value and benefits is likely to deceive a reasonable consumer and therefore constitutes a fraudulent or deceptive business practice.

44. Defendant Aya sale of the Challenged Service without disclosing the truth about the Challenged Service's true value and benefits offends established public policy and constitutes an unfair business practice. This injury is not outweighed by any countervailing benefits to consumers or competition.

45. Defendant Aya's conduct is unlawful in that it violated numerous statutes, including Cal. Civ. Code §§ 1770(a); Cal. Civ. Code §§ 1709-1710; and Cal. Civ. Code §§ 1572-1573, as well as constituted common law fraud.

46. Defendant Aya further violated Cal. Bus. & Prof. Code § 17200's prohibition against engaging in "unlawful" business acts or practices by, *inter alia*, failing to comply with California Civil Code § 1750, *et. seq.*

47. Plaintiff and Class members have suffered injury in fact and have lost money and/or property as a result of Defendant Aya's fraudulent, unfair and/or unlawful business practices, in that as a result of Defendant Aya's violations of the UCL, Plaintiff and the class provided confidential information and tried to use services that they would have provided or obtained had Defendant Aya not violated the UCL.

48. Plaintiff and the Class reserve the right to allege other violations of law which constitute other unlawful business acts and practices. Such conduct is ongoing and continues to this date.

49. Pursuant to Business and Professions Code §§ 17203 and 17535, Plaintiff and the Class seek an order of this Court enjoining Defendant Aya from continuing to engage, use, or employ their practice of advertising and marketing the Challenged Service in an untruthful manner. Likewise, Plaintiff and the Class seek an order

requiring Defendant Aya to disclose such misrepresentations, and additionally request an order awarding Plaintiff restitution of the money wrongfully acquired by Defendant Aya by means of responsibility attached to Defendant Aya's failure to disclose the existence and significance of said misrepresentations in an amount to be determined at trial. Plaintiff and the Class Members also seek full restitution of all monies paid to Defendant Aya as a result of their deceptive practices, interest at the highest rate allowable by law and the payment of Plaintiff's attorneys' fees and costs pursuant to, *inter alia*, California Civil Code Procedure §1021.5. Plaintiff reserves the right to seek additional preliminary or permanent injunctive relief.

## **FIFTH CAUSE OF ACTION**

### **Violation of Cal. Civ. Code §§1750, *et seq*.**

50. Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

51. This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code §§ 1750, *et seq*. ("CLRA"). The CLRA prohibits any unfair, deceptive, and/or unlawful practices, as well as unconscionable commercial practices in connection with the sales of any goods or services to consumers. *See* Cal. Civ. Code §1770.

52. The CLRA "shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient economical procedures to secure such protection." Cal. Civ. Code § 1760.

53. Defendant Aya is a "person" under the CLRA. Cal. Civ. Code §1761 (c).

54. Plaintiff and the putative Class Members are "consumers" under the CLRA. Cal. Civ. Code §1761 (d).

55. The Challenged Service constitutes a "service" under the CLRA. Cal. Civ. Code §1761 (a).

56.     Plaintiff and the putative Class Members' reliance and attempt to use the Challenged Service within the Class Period constitute "transactions'" under the CLRA. Cal. Civ. Code §1761 (e).

57.     Defendant Aya's actions and conduct described herein reflect transactions that have resulted in the sale and/or intended sale of services to consumers.

58.     Defendant Aya's failure to market the Challenged Service in accordance with California advertising and marketing requirements constitute an unfair, deceptive, unlawful and unconscionable commercial practice.

59.     Defendant Aya's actions have violated at least seven provisions of the CLRA, including §§ 1770(a)(1) through (a)(5), 1770(a)(7), 1770(a)(9) and 1770(a)(16).

60.     As a result of Defendant Aya's violations, Plaintiff and the Class suffered, and continue to suffer, ascertainable losses they would not have incurred had the Challenged Service been marketed correctly, or in the form of the reduced value of the Challenged Service relative to the Challenged Service as advertised and the retail price they paid.

61.     In accordance with Cal. Civ. Code § 1780(d), Plaintiff has attached a "venue affidavit" to this Complaint, showing that this action has been commenced in the proper county.

62.     Pursuant to § 1782 of the CLRA on approximately August 31, 2022, Plaintiff notified Defendant Aya in writing of the particular violations of § 1770 of the CLRA, and demanded Defendant Aya rectify the actions described above by providing monetary relief, agreeing to be bound by its legal obligations, and to give notice to all affected consumers of its intent to do so.

63.     Defendant Aya has failed to rectify or agree to rectify at least some of the violations  associated with actions detailed above and give notice to all affected

consumers within 30 days of receipt of the Cal. Civ. Code § 1782 notice. Thus, Plaintiff seeks actual damages and punitive damages for violation of the Act.

64.   In addition, pursuant to Cal. Civ. Code §1780(a)(2), Plaintiff is entitled to, and therefore seeks, a Court order enjoining the above-described wrongful acts and practices that violate Cal. Civ. Code §1770.

65.   Plaintiff and Class Members are also entitled to recover attorneys' fees, costs, expenses, disbursements, and punitive damages pursuant to Cal. Civ. Code §§ 1780 and 1781.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and on behalf of the Class defined herein, pray for judgment and relief on all Causes of Action as follows:

A.   This action be certified and maintained as a class action and certify the proposed class as defined, appointing Plaintiff as representative of the Class, and appointing the attorneys and law firms representing Plaintiff as counsel for the Class;

B.   For an order declaring the Defendant Aya's conduct violates the statutes referenced herein;

C.   That the Court awards compensatory, statutory and/or punitive damages as to all Causes of Action where such relief is permitted;

D.   That the Court awards Plaintiff and proposed class members the costs of this action, including reasonable attorneys' fees and expenses;

E.   For an order enjoining Defendant Aya from continuing to engage in the unlawful conduct and practices described herein;

F.   That the Court awards equitable monetary relief, including restitution and disgorgement of all ill-gotten gains, and the imposition of a constructive trust upon, or otherwise restricting the proceeds of Defendant Aya's ill-gotten gains, to ensure that Plaintiff and proposed class members have an effective remedy;

G.    That the Court awards pre-judgment and post-judgment interest at the legal rate;

H.    Imposition of a constructive trust to prevent unjust enrichment and to compel the restoration of property (money) to Plaintiff and the Class which Defendant Aya acquired through fraud.

I.    That the Court orders appropriate declaratory relief; and

J.    That the Court grants such other and further as may be just and proper.

Dated:    March 21, 2023     **DOGRA LAW GROUP PC**

                                 By: _____

                                       Shalini Dogra

                                       Attorneys for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## VENUE AFFIDAVIT

I, Juliana Recino, declare as follows:

1.  I am a Plaintiff in this action. I make this affidavit pursuant to California Civil Code Section 1780(d).

2.  The Complaint in this action is filed in a proper place for the trial of this action because at least one named Defendant is doing business in this county, and one or more of the transactions that form the basis of this action occurred in this county.

I declare under penalty of perjury under the laws of California and the United States that the foregoing is true and correct.

Dated: 03 / 21 / 2023

*Juliana Recino*
_____
Juliana Recino

---

1

PLAINTIFF'S VENUE AFFIDAVIT

Doc ID: 3599149ee4f9682746665aebd3795855677dcd67