1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10
11
12
13
14
15
16
17
18

| | |
|---|---|
| JULIANA RECINO, *on behalf of herself and all others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> AYA HEALTHCARE, INC., et al., <br><br> Defendants. | Case No. 23-cv-750-MMA-MSB <br><br> **ORDER GRANTING MOTION TO COMPEL ARBITRATION AND DISMISSING CASE** <br><br> [Doc. No. 7] |

19    Plaintiff Juliana Recino brings this putative class action against Defendants Aya

20  Healthcare, Inc. and Aya Healthcare Services, Inc. (collectively, "Defendants"). *See*

21  Doc. No. 1.  On June 9, 2023, Defendants filed a motion to compel arbitration, or

22  alternatively, dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6).

23  *See* Doc. No. 7.  As the hearing on Defendants' motion was originally scheduled for July

24  17, 2023, Plaintiff's opposition or statement of non-opposition was due on July 3, 2023,

25  and Defendants' reply, if any, was due on or before July 10, 2023.  CivLR 7.1.e.2–3.

26    Plaintiff did not file an opposition by July 3, nor did Defendants file a reply on July

27  10.  As the time for briefing the matter had closed, and in advance of the July 17 hearing,

28  on July 13, 2023, the Court took the motion under submission on the papers and without

1    oral argument pursuant to Civil Local Rule 7.1.d.1, as authorized by Federal Rule of Civil

2    Procedure 78.  *See* Doc. No. 8.

3         Nearly two weeks later, on July 25, 2023, the parties filed a stipulation, wherein

4    they agreed that "Defendants' motion to compel arbitration, originally noticed for July

5    17, 2023 presentment, shall remain off calendar and only be taken under submission

6    and/or heard once Plaintiff has received the arbitration-related data from Defendants and

7    filed her opposition, if necessary."  Doc. No. 9 at 3.  In response to the filing, the Court

8    ordered the parties to file a joint status report providing an update on the exchange of

9    information and proposed deadlines for the lapsed briefing.  Doc. No. 10.

10        On August 25, 2023, Defendants filed a status report.  Doc. No. 11.  Defendants

11   represented that the parties intended to stipulate to the entry of an order granting

12   Defendants' motion to compel arbitration.  *Id.*  But Plaintiff did not sign the status report.

13   Consequently, the Court set a deadline either for the parties to file a stipulation or for

14   Plaintiff to file her opposition to the pending motion.  Doc. No. 12.

15        On September 29, 2023, the parties filed a joint status report.  Doc. No. 13.

16   According to the status report, which is signed by both Plaintiff and Defendants, Plaintiff

17   has agreed to forgo opposing Defendants' motion to compel arbitration, and the parties

18   have stipulated to an order granting Defendants' motion to compel arbitration.  The Court

19   therefore **GRANTS** Defendants' motion to compel arbitration and **COMPELS** Plaintiff

20   to arbitrate her claims against Defendants on an individual basis.

21        The parties also have purportedly agreed that "to the extent Defendants file a

22   motion to dismiss the matter, Plaintiff maintains the right to oppose any such motion, as

23   well as seek any and all other available remedies and forms of relief."  Doc. No. 13 at 3.

24        Defendants have already filed a motion to dismiss this case, both as a consequence

25   should the Court compel arbitration, *see* Doc. No. 7-1 at 20, and separately pursuant to

26   Federal Rule of Civil Procedure 12(b)(6), *see id.* at 21–25.  To the extent Plaintiff wishes

27   to retain the right to oppose these requests, the Court has already advised the parties that

28   they do not have the authority to independently agree to such a proposition.  *See* CivLR

7.2; Fed. R. Civ. P. 6(b).  The Court has given Plaintiff ample opportunity to oppose the motion, including the two separate bases for dismissal.  The logical consequence of assenting to arbitration and declining to oppose Defendants' motion in any manner is that Plaintiff has waived her right to oppose these requests for dismissal.  *See* CivLR 7.1.f.1.  In any event, pursuant to 9 U.S.C. § 3, because Defendants request dismissal, *see* Doc. No. 7-1 at 20–21, neither party has requested a stay, and the parties have agreed that all claims are subject to arbitration, *see, e.g.*, *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1073–74 (9th Cir. 2014), the Court **DISMISSES** this action without prejudice.  Accordingly, there will be no forthcoming motion to dismiss to which Plaintiff may oppose and the Court declines to enter an order recognizing that Plaintiff has maintained any such right.  The Court **DIRECTS** the Clerk of Court to enter judgment and close this case.

     **IT IS SO ORDERED**.

Dated:  October 2, 2023

HON. MICHAEL M. ANELLO
United States District Judge